14-4101-cv
*Pasternack v. Lab. Corp.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

———————

August Term 2014

(Argued:     June 2, 2015          Decided:     October 6, 2016)

Docket No. 14-4101-cv

———————

DOCTOR FRED L. PASTERNACK,

*Plaintiff-Appellant,*

v.

LABORATORY CORPORATION OF AMERICA HOLDINGS, AKA LABCORP,
CHOICEPOINT, INC.,

*Defendants-Appellees.*

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

———————

Before:

WESLEY, HALL, and CHIN, *Circuit Judges.*

———————

Appeal from a judgment of the United States District Court for the

Southern District of New York (Gardephe, *J.*) dismissing plaintiff-appellant's

claims against drug testing companies for purportedly mishandling a random drug test. On November 17, 2015, we certified two questions to the New York Court of Appeals. Based on the Court of Appeals' response, we affirm the judgment of the district court.

AFFIRMED.

---

CYNTHIA S. ARATO (Daniel J. O'Neill, *on the brief*), Shapiro, Arato & Isserles LLP, New York, New York, *for Plaintiff-Appellant*.

ROBERT I. STEINER (Sean R. Flanagan, *on the brief*), Kelley Drye & Warren, LLP, New York, New York, *for Defendant-Appellee Laboratory Corporation of America Holdings*.

FREDERICK T. SMITH, Seyfarth Shaw LLP, Atlanta, Georgia, *for Defendant-Appellee LexisNexis Occupational Health Solutions Inc. (formerly ChoicePoint, Inc.)*.

---

PER CURIAM:

This appeal challenges a judgment of the United States District Court for the Southern District of New York (Gardephe, *J.*) dismissing plaintiff-appellant Fred Pasternack's claims against defendants-appellees Laboratory Corporation of America Holdings ("LabCorp") and ChoicePoint, Inc.

("ChoicePoint"), drug testing companies, for purportedly mishandling a random drug test.

On November 17, 2015, we certified two questions to the New York Court of Appeals pursuant to Second Circuit Local Rule 27.2 and New York Codes, Rules, and Regulations Title 22, § 500.27(a): First, whether drug testing regulations and guidelines promulgated by the Federal Aviation Administration ("FAA") and Department of Transportation ("DOT") create a duty of care for drug testing laboratories and program administrators under New York negligence law; and second, whether a plaintiff may establish the reliance element of a fraud claim under New York law by showing that a third party relied on a defendant's false statements resulting in injury to the plaintiff. *See Pasternack v. Lab. Corp. of Am. Holdings*, 807 F.3d 14 (2d Cir. 2015). The Court of Appeals has now answered those questions, *see Pasternack v. Lab. Corp. of Am. Holdings*, 27 N.Y.3d 817 (2016), and, therefore, we now consider the district court's dismissal of Pasternack's complaint in light of the clarification in New York law. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

In an opinion filed June 30, 2016, the Court of Appeals answered both of our certified questions in the negative. *Pasternack*, 27 N.Y.3d at 826-27, 828-29. It held that (1) "regulations and guidelines that are ministerial in nature and do not implicate the scientific integrity of the testing process do not create a duty of care for drug testing laboratories and program administrators under New York negligence law," *id.* at 826-27, and (2) a plaintiff may not establish the reliance element of a fraud claim under New York law by showing that a third party relied on the defendant's false statements, *id.* at 828-29. Pasternack moved for reargument but the Court of Appeals denied the motion on September 20, 2016. *Pasternack v. Lab. Corp. of Am. Holdings*, No. 2016-834, 2016 WL 5001229, at *1 (N.Y. Sept. 20, 2016).

As New York law governs the substantive issues of liability in this case, the Court of Appeals' authoritative rulings on New York law defeat Pasternack's claims that (1) LabCorp and ChoicePoint breached a duty to him by failing to comply with FAA and DOT regulations and guidelines, and (2) LabCorp made false statements to federal investigators and those investigators relied on those fraudulent statements resulting in injury to Pasternack.

Accordingly, the judgment of the district court is affirmed.